Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CENTRO DE RECONSTRUCCIÓN ORAL E IMPLANTES, P.S.C., JOSÉ E. PEDROZA RODRÍGUEZ<br><br>Demandantes-Apelantes<br><br>Vs.<br><br>MARILU MALDONADO, MALDONADO CAQUIAS, INC., ACCOUNTING AND TAXES SOLUTIONS LLC Y OTROS<br><br>Demandados-Apelados | TA2025AP00050 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV03654<br><br>Sala: 803<br><br>Sobre:<br><br>IMPERICIA PROFESIONAL CONTRA OTROS PROFESIONALES (NO MÉDICOS) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Comparece la parte apelante, compuesta por el Centro de Reconstrucción Oral e Implantes, P.S.C. (CROI) y el doctor José E. Pedroza Rodríguez (Pedroza Rodríguez), y nos solicita la revisión de una *Sentencia de Desestimación por Prescripción,* emitida el 4 de junio de 2025 y notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En esta, el Foro Primario desestimó la *Demanda* por entender que, la causa de acción en daños y perjuicios por impericia profesional en contra de la parte apelada, compuesta por la señora Marilú Maldonado, Maldonado Caquías, Inc. y Accounting & Taxes Solutions LLC (ATS), estaba prescrita.

Por los fundamentos expuestos a continuación, *revocamos* el dictamen emitido.

**-I-**

El 2 de octubre de 2024 la parte apelante presentó una acción en daños y perjuicios por impericia profesional en contra de la parte apelada. En la misma, se indicó que el doctor Pedroza Rodríguez era el presidente de la corporación CROI, una oficina de servicios médicos dentales. En apretada síntesis, alegó que, en o alrededor del 21 de febrero de 2020, la parte apelada le comenzó a ofrecer servicios de contabilidad. Entre los servicios que le ofrecían se encontraba la preparación de planillas contributivas sobre ingresos, y el manejo de las cuentas en el Sistema Unificado de Rentas Internas (SURI).

La parte apelante adujo que, luego de solicitar, el 19 de diciembre de 2019, un decreto de extensión contributiva, en virtud de la Ley Núm. 14-2017, 13 LPRA sec. 10871 *et seq.*, en junio de 2020, el Departamento de Desarrollo Económico y Comercio (DDEC) le concedió solamente al doctor Pedroza Rodríguez la petición, sin que esta incluyera a CROI. Sostuvo que, a instancias de la parte apelada, en octubre de 2020, le solicitó al DDEC una enmienda al referido decreto para que este fuera extensivo a CROI. Alegó que, el 25 de mayo de 2021, la parte apelada presentó la planilla de contribución de ingresos de CROI como si la referida enmienda al decreto hubiese sido aprobada. No obstante, el 22 de septiembre de 2021, el DDEC denegó la enmienda solicitada.

La parte apelante esgrimió que, la parte apelada no le informó del contenido de la notificación del DDEC, por lo que, continuó rindiendo sus planillas de contribución sobre ingresos bajo la premisa errada de contar con la extensión del decreto a favor de CROI. Indicó que, el 3 de noviembre de 2023, el Departamento de Hacienda le notificó a CROI, a través de la cuenta de SURI del referido negocio, una deficiencia contributiva ascendente a $49,579.96. La parte apelante alegó que, a pesar de que la parte

apelada tenía acceso a dicha cuenta, esta no le informó del referido aviso.

La parte apelante expresó que, el 6 de diciembre de 2023, recibió un aviso de embargo por la cantidad de $52,878.23 de parte del Departamento de Hacienda a la dirección postal de CROI. Por ello, sostuvo que, el 18 de diciembre de 2023, se reunió con la parte apelada. Arguyó que, en este encuentro, la parte apelada le informó por primera vez que la extensión del decreto previamente solicitado para CROI fue rechazada, por lo que este debía contribuir sobre la base de las tasas contributivas ordinarias.

Por estos hechos, la parte apelante sostuvo que la parte apelada lo indujo a error, así como que fue negligente en el ejercicio de sus deberes. Por lo cual, solicitó una indemnización de $150,000.00 por concepto de los daños económicos y angustias mentales sufridas, los intereses correspondientes, las costas del litigio y una cantidad no menor de $10,000.00 por concepto de honorarios de abogado.

Tras varios asuntos procesales impertinentes a la controversia que nos ocupa, el 12 de diciembre de 2024, la parte apelada presentó una *Moción de Desestimación,* mediante la cual alegó que la parte apelante obtuvo conocimiento de la denegatoria del DDEC cuando fue notificada de esta el 22 de septiembre de 2021. Por ello, argumentó que la presente causa de acción estaba prescrita. En adición, expuso que, el 13 de febrero de 2021, la parte apelante firmó un documento intitulado *Certificación,* mediante el cual relevó de responsabilidad a la parte apelada con relación al contenido sometido u omitido en la planilla en controversia. Por lo cual, arguyó que procedía la desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Sin embargo, mediante *Resolución Interlocutoria* emitida el 31 de enero de 2025, y notificada el 3 de febrero de 2025, el Tribunal

de Primera Instancia denegó la petición de desestimación. En su dictamen, el Foro Primario concluyó que las alegaciones en la demanda eran suficientes en esta etapa de los procedimientos.

No obstante, el 18 de febrero de 2025, la parte apelada presentó una *Moción de Reconsideración*, mediante la cual, en síntesis, reiteró sus argumentos previos relativos a la prescripción de la causa de acción y el relevo de responsabilidad que sostuvo que le concedió la parte apelante al firmar la referida *Certificación*. Tras oponerse la parte apelante, la parte apelada presentó una réplica, mediante la cual anejó un documento que alegadamente demostraba la fecha en la cual la parte apelante advino en conocimiento de la notificación del DDEC.

Así las cosas, el 6 de mayo de 2025, el Tribunal de Primera Instancia reconsideró su dictamen y notificó una *Sentencia de Desestimación*, mediante la cual desestimó el caso, y determinó que las alegaciones dejaban de exponer una causa de acción que justificara la concesión de un remedio. En su dictamen, el Foro Primario hizo referencia a la prueba documental que presentó la parte apelada en su réplica, y concluyó que, debido a esta, no podía tomar como ciertas las alegaciones número 40-44 y 48 de la demanda.

Inconforme, el 19 de mayo de 2025, la parte apelante presentó una *Moción de Reconsideración*. En resumen, la parte apelante sostuvo que, de la demanda, surgía que el doctor Pedroza Rodríguez le había delegado a la parte apelada todo lo relativo a las gestiones relacionadas a la planilla de CROI. Reiteró que la aludida notificación fue recibida a través de la cuenta en DDEC, cuyo acceso estaba a cargo de la parte apelada. Para sustentar sus argumentos, anejó copia de correos electrónicos intercambiados con la parte apelada. El mismo día, el Foro *a quo* emitió una *Orden*, mediante la cual dejó sin efecto la desestimación.

En desacuerdo, el 3 de junio de 2025, la parte apelada presentó una *Moción de Reconsideración,* en la cual reiteró sus previos argumentos relacionados a que la parte apelante firmó un relevo de responsabilidad, lo que implicaba que carecía de una reclamación válida y, por tanto, procedía la desestimación del caso.

Finalmente, el 4 de junio de 2025, el Foro de Primera Instancia dictó la *Sentencia de Desestimación por Prescripción* objeto de esta apelación. En la misma, concluyó que la parte apelante advino en conocimiento del daño sufrido el **28 de diciembre de 2023** cuando fue notificada de la deuda por el Departamento de Hacienda. El Foro Primario dispuso que, al haber instado la demanda el **19 de mayo de 2025**, la misma estaba prescrita.

Inconforme, la parte apelante comparece y señala la comisión de los siguientes errores:

A. Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, al determinar que la causa de acción en este caso fue presentada el 19 de mayo de 2025, y en su consecuencia, desestimar la demanda presentada en este caso por causa de prescripción.

B. Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, al no considerar la solicitud de desestimación de las Apeladas como una moción de sentencia sumaria y, al así hacerlo, declarar su improcedencia.

Por su lado, el 31 de julio de 2025, la parte apelada presentó un *Alegato de las Apeladas Maldonado Caquías, Inc. y Marilú Maldonado*. Mientras que, ese mismo día, ATS compareció a través de una *Moción para Unirse y Adoptar el Alegato de las Apeladas Maldonado Caquías, Inc. y Marilú Maldonado*. Con el beneficio de la comparecencia de todas las partes, procedemos a disponer del presente asunto.

*-II-*

*-A-*

La Regla 10 de Procedimiento Civil, 32 LPRA Ap. V, R. 10, permite presentar tres clases de mociones antes de contestar la demanda, a saber: (1) moción de desestimación; (2) moción para

solicitar una exposición más definida; y (3) moción eliminatoria. 32 LPRA Ap. V, R. 10.2, 10.4 y 10.5. La Regla 10.2 de Procedimiento Civil permite que, una parte demandada solicite la desestimación de una causa de acción. Esta moción se basará en al menos uno de los siguientes fundamentos: (1) la falta de jurisdicción sobre la materia o (2) la falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento (4) insuficiencia del emplazamiento del diligenciamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2 (5). La moción de desestimación debe acumular todas las defensas que la Regla permite, de no hacerlo, se entenderán renunciadas, con excepción a la defensa de jurisdicción sobre la materia o las contempladas en la Regla 10.8 de Procedimiento Civil. 32 LPRA Ap. V, R. 10.7-10.8; *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1066 (2020). La Regla fija lo siguiente:

> Si en una moción en que se formula la defensa (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, **la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final**, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.
>
> 32 LPRA Ap. V, R. 10.2 (énfasis suplido).

Sobre lo anterior, el Máximo Foro judicial expresó:

> La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta Regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para su resolución se debería celebrar una vista en su fondo, el tribunal denegaría tanto la conversión

> de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. Si por alguna razón el tribunal decide no aceptar la materia presentada, el promovente puede presentar nuevamente la materia excluida como documentos que acompañen una moción de sentencia sumaria.
>
> *Torres Capeles v. Rivera Alejandro,* 143 DPR 300, 309 (1997).

El tribunal debe considerar como verídicas, y de la forma más favorable a la parte demandante, los hechos bien alegados en la demanda, los aseverados de manera clara. *Eagle Security Police, Inc. v. Dorado,* 211 DPR 70, 84 (2023); *Cobra Acquisitions, LLC v. Municipio de Yabucoa,* 210 DPR 384, 396 (2022). Asimismo, debe interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security Police, Inc. v. Dorado, supra,* pág. 84; *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

Ahora bien, con relación al mecanismo de sentencia sumaria, este solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911-912 (1994). Asimismo, al evaluarse los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia, consciente en todo momento de que su determinación puede privar a una de las partes de su día en corte. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). De la mano con este precepto del debido proceso de ley, el juzgador deberá utilizar el principio de liberalidad a favor del opositor de la moción, lo cual implica que, de haber dudas sobre la existencia de controversias de hechos materiales, entonces deberán resolverse a favor de la parte que se opone a la moción de sentencia sumaria. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 138 (2015); *Ramos Pérez v. Univisión,* 178 DPR 200, 216-217 (2010).

En relación con la procedencia de la solicitud de sentencia sumaria, nuestro ordenamiento jurídico ha establecido que la misma no procede cuando de los documentos acompañados a la moción, se desprende la existencia de una controversia real sobre algún hecho material. *PFZ Properties v. General Accident Insurance*, 136 DPR 881, 913-914 (1994). Por lo cual, no procede emitir una sentencia sumaria sin la celebración de una vista evidenciaria que permita adjudicar adecuadamente los hechos controvertidos. *Rivera v. Jaume*, 157 DPR 562, 585 (2002).

Nuestro Máximo Foro ha sido enfático en que la mera existencia de una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria cuando esta le genera al juzgador una duda real y sustancial sobre algún hecho relevante. *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012). Por lo cual, el Foro Primario debe estar convencido de que los documentos ante su consideración no presentan controversia alguna y que lo único que resta es aplicar el derecho pertinente. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).

### *-III-*

En esencia, en el presente recurso, la parte apelante cuestiona el proceder del Foro apelado cuando, dictaminó por vía de reconsideración, desestimar la causa de acción presentada, por prescripción. Abona a su inconformidad, el curso tomado por el Tribunal de Primera Instancia, tras no haber considerado la solicitud interpuesta por la parte apelada como una de sentencia sumaria, por lo que, en contrario, la acogió como una moción dispositiva al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Por otro lado, plantea que, como parte de los fundamentos que llevaron al Foro de Instancia a incidir, fue tras razonar que la causa de acción del título fue presentada el 19 de mayo de 2025. Luego

de haber examinado los autos del presente caso en su totalidad, colegimos que los errores esgrimidos pueden ser discutidos en conjunto por lo que obraremos como tal.

Comenzamos nuestra discusión señalando que, muy contrario a lo establecido por el Tribunal de Primera Instancia en la *Sentencia* apelada, la causa de acción no se presentó el 19 de mayo de 2025, sino el **2 de octubre de 2024**. Lo anterior se deprende diáfanamente de los autos. No obstante, dicho asunto no dispone de la controversia ante nuestra consideración, más bien, establece una guía al Foro Primario, de plantearse asuntos que incidan sobre dicha fecha. Establecido lo anterior, discutiremos lo relativo a la procedencia o no del dictamen desestimatorio.

Según visto, el eje de esta demanda pende de la fecha de la notificación formal de la denegación del decreto contributivo bajo la Ley Núm. 14-2017, *supra*, a favor de CROI. La parte apelante alegó que obtuvo conocimiento de dicha denegatoria el 3 de noviembre de 2023 cuando recibió el aviso del Departamento de Hacienda notificando una deficiencia contributiva. Por otro lado, la parte apelada solicitó la desestimación del caso por prescripción, tras razonar que la parte apelante adquirió conocimiento del alegado daño el 22 de septiembre de 2021, cuando el DDEC denegó la referida petición. Para sustentar su moción de desestimación, la parte apelada anejó una *Certificación* que, según se refleja del dictamen apelado, fue tomada en consideración por el Foro *a quo* al emitir su dictamen. Asimismo, la parte apelante incluyó documentos con su solicitud de reconsideración en un intento de desmentir los argumentos de la parte apelada.

Conforme al resumen doctrinal anteriormente esbozado, una moción de desestimación puede ser considerada como una de sentencia sumaria, y ser evaluada bajo los parámetros de la Regla 36 de Procedimiento Civil, *supra,* en aquellos casos donde se

exponen materias no contenidas en las alegaciones de la demanda y éstas no son excluidas por el tribunal. Si al evaluar los planteamientos de las partes y la prueba presentada, surge que existen controversias de hechos, el tribunal no podrá disponer del caso de forma sumaria y deberá celebrar una vista evidenciaria.

En el presente caso, al presentar una solicitud de desestimación, la parte apelada anejó prueba documental para respaldar sus planteamientos en torno a la fecha en que la parte apelante advino en conocimiento de los daños, al igual que de la inexistencia de su responsabilidad. En específico, incluyó una *Certificación* que utilizó para sustentar su postura en torno a que no era responsable por los daños que la parte apelante sostuvo que experimentó. Tras ser denegada inicialmente su solicitud y presentar una reconsideración, presentó un documento, mediante el cual adujo que demostraba la fecha en la cual la parte apelante advino en conocimiento de la denegatoria del DDEC.

A pesar de que la parte apelante presentó prueba para controvertir los planteamientos de la parte apelada, surge del dictamen apelado que el Foro Primario basó su decisión en la prueba anejada por la parte apelada y desestimó la demanda. Por tanto, es nuestra apreciación que la moción de desestimación presentada por la parte apelada debió ser considerada como una solicitud de sentencia sumaria al palio de la Regla 36 de Procedimiento Civil, *supra.* Al no actuar de esta forma, el dictamen del Tribunal de Primera Instancia no cumplió con las formalidades correspondientes, ya que no se incluyeron determinaciones de hechos ni conclusiones de derecho, según lo exige la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2.

En conclusión, resolvemos que el Tribunal de Primera Instancia incidió al no adjudicar las mociones de desestimación conforme a los parámetros establecidos en la Regla 36 de

Procedimiento Civil, *supra*, toda vez que las mociones que solicitaron la desestimación del pleito fueron acompañadas con prueba documental que reflejó la existencia de controversias sobre los hechos pertinentes al caso. En específico, existe controversia sobre la fecha en la que la parte apelante obtuvo conocimiento del daño que alega haber sufrido, pues reconocemos que existe ambigüedad en algunas de las alegaciones en la demanda que colocan en entredicho el comienzo del plazo prescriptivo aplicable, en esta etapa de los procedimientos.

Por tanto, forzosamente concluimos que, al interpretar las alegaciones de la demanda liberalmente y de la manera más favorable al demandante, no procede la desestimación de la causa de acción, en esta etapa, sino la continuación del procedimiento para dirimir la controversia planteada. En virtud de lo anterior, revocamos la *Sentencia de Desestimación por Prescripción* objeto de esta apelación y ordenamos al Tribunal de Primera Instancia la celebración de una vista evidenciaria, en la cual se puedan discutir los asuntos en controversia.

## -IV-

Por los fundamentos que anteceden, los cuales hacemos formar parte de este dictamen, *revocamos* la *Sentencia de Desestimación por Prescripción* apelada, *devolvemos* el caso al Foro Primario y ordenamos la celebración de una vista evidenciaria para dirimir la controversia sobre prescripción de la *Demanda*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones